PHYLLIS SCHRIGER AND PAUL SCHRIGER, PLAINTIFFS-RE-
SPONDENTS, v. ALAN ABRAHAM AND WALTER ALBOHM,
DEFENDANTS, AND STATE OF NEW JERSEY AND STATE
OF NEW JERSEY, DEPARTMENT OF TRANSPORTATION, DE-
FENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 28, 1979—Decided December 26, 1979.

Before Judges MICHELS and LARNER.

*George W. Fisher, Jr.*, Deputy Attorney General, argued the cause for appellants (*John J. Degnan*, Attorney General of New Jersey; *Erminie L. Conley*, Deputy Attorney General, of counsel, and *Thomas F. Marshall*, Deputy Attorney General, on the brief).

*E. Carter Corriston* argued the cause for respondents (*Breslin and Breslin* attorneys).

PER CURIAM.

Pursuant to the leave of this court, defendants State of New Jersey and its Department of Transportation (hereinafter sometimes collectively referred to as the State) appeal from the denial of their motion for summary judgment in this personal injury negligence action.

Plaintiff Phyllis Schriger instituted this action to recover damages for personal injuries she sustained in an automobile accident which occurred on Route 4 in Teaneck, New Jersey. Plaintiff was driving her car in a westerly direction on Route 4 when a car being driven in an easterly direction by defendant Alan Abraham jumped and crossed the center divider or barrier separating the east- and west-bound lanes of traffic and struck her car. Immediately thereafter plaintiff's car was struck in the rear by a car being driven by defendant Walter Albohm. Her husband sued *per quod*.

It is uncontroverted that the center divider or barrier on Route 4 which the Abraham car crossed was constructed in 1956 at a height of 19″ according to plans approved by the State Highway Commissioner. The lower four inches of the barrier in place on the day of the accident was designed for future resurfacing. The design anticipated that the adjacent road surface would become worn, and that it would become necessary to resurface it during the life of the barrier. In 1968 the adjacent roadway was resurfaced in accordance with plans ap-

proved by the State Highway Engineer and the Commissioner of Transportation. The area of the accident was resurfaced with 3″ of bituminous concrete and after the 1968 resurfacing the barrier had a height of 16″. Plaintiffs originally contended in the complaint filed in this action that the resurfacing of Route 4 reduced the height of the barrier relative to the surface of the roadway and thereby caused the barrier to be in violation of normal safety standards and inadequate for the protection of the public. They claimed that as a result the State, through its Department of Transportation, negligently operated and maintained the barrier on Route 4 in a dangerous and hazardous condition, and that such negligence was the proximate cause of Abraham's car crossing the barrier and colliding with plaintiff's car.[1] Plaintiffs further claimed in answers to interrogatories that the State was negligent in the construction as well as the maintenance of the barrier.[2]

---

[1] The trial judges, on the State's motion, ordered that paragraphs 7 and 8 of plaintiffs' complaint be amended so that the charge of negligence was limited to a claim that the barrier was of improper height on the day of the accident.

[2] The transcript of plaintiffs' prior motion for leave to file a late notice of claim against the State in this matter, dated June 4, 1976, disclosed that they limited their claim against the State to improper design, apparent from the following colloquy between the court and counsel:

MR. CORRISTON: I don't see where the State is being prejudiced when we're limiting ourselves to the design of the roadway.

THE COURT: I don't know, Mr. Corriston, what you are doing. You could come in with some flashing idea six months from now—

MR. CORRISTON: My allegation is that the roadway was originally constructed in a negligent manner and, further, that they failed to take the proper precautions when they repaved the road.

THE COURT: In what way was it constructed in a negligent manner? Let me have that. You are making allegations now and I am asking you.

MR. CORRISTON: Judge, I don't think I have to prove a case when I am trying to start a case.

THE COURT: You don't, but you have to tell me what it is.

MR. CORRISTON: Generally, they failed to provide proper height for the barrier, for the design of this road generally.

THE COURT: Is that it? Put it in the order.

MR. MONTE: It goes in the order?

THE COURT: Put it in the Order.

The State subsequently moved for summary judgment, contending that it was immunized from liability pursuant to the New Jersey Tort Claims Act (*N.J.S.A.* 59:1–1 *et seq.*) for the damages sustained by plaintiffs. Specifically, the State argued that it could not be held liable under *N.J.S.A.* 59:2–3(a) and (b) for failing to replace the 19″ barrier with a higher 32″ barrier prior to the accident, since the decision not to replace the barrier constituted the exercise of discretion. The State also contended that under *N.J.S.A.* 59:4–6 it could not be held liable because the barrier was constructed in accordance with approved plans and designs. The trial judge rejected these arguments and denied the motion, holding that, in the circumstances of this case, the Tort Claims Act did not provide immunity to the State as a matter of law. We disagree and reverse.

Under the provisions of the Tort Claims Act (*N.J.S.A.* 59:1–1 *et seq.*), the State and its Department of Transportation are not liable for injuries

. . . caused by the plan or design of public property, either in its original construction or any improvement thereto, where such plan or design has been approved in advance of the construction or improvement by . . . the governing body of a public entity . . . or a public employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved. [*N.J.S.A.* 59:4–6]

This section applies even if some other provision of the Tort Claims Act otherwise would render the State liable to plaintiffs for the damages they sustained. *N.J.S.A.* 59:2–1(b). Thus,

---

MR. MONTE: All right.

THE COURT: I am trying to get it so you don't come in, and I don't want them to come in sixty days from now, ninety days from now and say, you allowed, you didn't allow it specifically.

You are only controlled by one thing. Isn't your whole case predicated on the fact that the barrier—not that it was defective—it was designed incorrectly for that type of road. Isn't that it? If the road was high at that point and the barrier was twelve inches and should have been sixty inches. That is your whole contention. In another spot, a twenty-four-inch barrier may have been plenty.

MR. CORRISTON: That's right.

although *N.J.S.A.* 59:4–2 holds public entities responsible in certain circumstances for the injuries caused by the dangerous condition of their property, the State, nevertheless, is rendered immune in the instant case by *N.J.S.A.* 59:4–6. Plaintiffs' argument that the State should have taken affirmative action to remedy the alleged hazard sooner, and that such negligent failure to act is not protected by the statute, is without merit. *Costa v. Josey*, 160 *N.J.Super.* 1 (App.Div.1978), certif. granted 78 *N.J.* 335 (1978). *See, also, Rodgers v. Passaic Housing Auth.*, 139 *N.J.Super.* 569 (App.Div.1976), certif. den. 71 *N.J.* 337 (1976).

The result we reach here is in accord with our recent decision in *Costa v. Josey, supra.* There, we affirmed a summary judgment in favor of defendants, the State and its Department of Transportation, in an action brought to recover damages under our Wrongful Death Act where decedent had been killed when his car was struck by a car travelling in the opposite direction which had jumped the barrier on Route 4 in Teaneck. In upholding the grant of summary judgment we rejected substantially the same arguments that have been made here and held that the State was immune from liability by virtue of both *N.J.S.A.* 59:2–3 and *N.J.S.A.* 59:4–6. We see no sound reason or basis to depart from this holding.

Accordingly, the order of the Law Division denying the State's motion for summary judgment is reversed and the matter is remanded to the trial court with direction for entry of judgment in favor of the State and its Department of Transportation.