PHYLLIS SCHRIGER AND PAUL SCHRIGER, PLAINTIFFS-AP-
PELLANTS, v. ALAN ABRAHAM AND WALTER ALBOHN,
DEFENDANTS, AND STATE OF NEW JERSEY AND STATE
OF NEW JERSEY, DEPARTMENT OF TRANSPORTATION, DE-
FENDANTS-RESPONDENTS.

Argued December 11, 1979—Decided May 13, 1980.

*E. Carter Corriston* argued the cause for appellant (*Breslin* and *Breslin*, attorneys).

*Stephen Skillman*, Assistant Attorney General, argued the cause for respondent (*John J. Degnan*, Attorney General of New Jersey, attorney; *Erminie L. Conley*, Deputy Attorney General, of counsel; *Thomas F. Marshall*, on the brief).

The opinion of the Court was delivered by

SCHREIBER, J.

In a tort suit for personal injuries sustained in an automobile accident because of the improper maintenance of the highway, the trial court refused to grant the summary judgment motion of defendants, State of New Jersey and its Department of Transportation (Department). The Appellate Division reversed with a direction to enter judgment in favor of defendants. We granted certification. 81 *N.J.* 279 (1979).

Plaintiff Phyllis Schriger was driving her car in a westerly direction on Route 4 in Teaneck when a vehicle driven by defendant Alan Abraham jumped the center divider and struck her car. Plaintiff's car was hit in the rear immediately thereafter by defendant Walter Albohm's automobile. Her husband sued *per quod*. Plaintiffs claimed that defendant Department had negligently maintained the road, for the height of the center barrier had been reduced by resurfacing, thereby creating a dangerous and hazardous condition. Plaintiff also asserted that failure to provide for a barrier of proper height in its initial design constituted negligence.

On the motion for summary judgment, the Department relied on the affidavit of James R. Schuyler, Chief Engineer, Construction and Maintenance of the Department of Transportation. He averred that when the plans for the road were drawn in 1955 the bottom four inches of the barrier were designed for future resurfacing, although the original plans do not reflect that purpose. He also asserted that the 1968 resurfacing of the road reduced the barrier to a 16-inch height and that in 1975 the construction of a 32-inch barrier had been started. Plaintiffs' engineers countered with the claim that reduction of the height of the barrier increased the hazardous condition; that the resurfacing covered a great deal of the vertical face of the divider, thereby creating a ramp effect contributing to the potential for highway cross-over accidents; and that in a three-year period (1971–1974) 26 accidents in which a vehicle either crossed or was hung up on the barrier had occurred in this area on Route 4.

We agree with the Appellate Division that the State is immune from responsibility for the initial height of the barrier because the original design provided for a 19-inch barrier, *N.J. S.A.* 59:4–6, and to that extent partial summary judgment in its favor was warranted. However, we are not satisfied that judgment as a matter of law should have been entered for the State as to its possible liability arising out of the resurfacings of the road and the lowering of the barrier. The State's proofs in this respect mirrored those produced in *Costa v. Josey*, 83 *N.J.* 49 (1980), decided this day. For the reasons stated therein, we reverse and set aside that part of the summary judgment denying recovery based upon improper maintenance of the road.

CLIFFORD, J., dissenting.

I would affirm the Appellate Division, substantially for the reasons set forth in its opinion, 174 *N.J.Super.* 5 (1978), as supplemented by my views expressed in *Costa v. Josey*, 83 *N.J.* 49 (1980) (dissenting opinion), decided this day.

Justices HANDLER and POLLOCK join in this opinion.

*For reversal*—Chief Justice WILENTZ and Justices JACOBS, PASHMAN and SCHREIBER—4.

*For affirmance*—Justices CLIFFORD, HANDLER and POLLOCK—3.